# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KAROLYN JOHNSON-LOUDERMILK, <br><br> Plaintiff, <br><br> vs. <br><br> PLAYCORE WISCONSIN, INC., a corporation doing business as PLAYCORE and as GAMETIME; NATIONAL RECREATION AND PARK ASSOCIATION, a corporation; and RENO/SPARKS CONVENTION CENTER, <br><br> Defendants. | 3:06-CV-00044-RAM <br><br> **MEMORANDUM DECISION AND ORDER** |
| PLAYCORE WISCONSIN, INC., a corporation doing business as PLAYCORE and as GAMETIME, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ENVIRONMENTAL MOLDING CONCEPTS, LLC, <br><br> Third-Party Defendant. | |

Before the court is the Joint Motion for Summary Judgment of Defendant Playcore Wisconsin, Inc., and Third-Party Defendant Environmental Molding Concepts, LLC (hereinafter Defendants or Defendant Playcore and Defendant EMC) (Doc. #52). Plaintiff opposed the motion (Doc. #54) and Defendants replied (Doc. #55).

///

## I. BACKGROUND

Plaintiff alleges that, on or about October 13, 2004, she suffered bodily injuries to her knees and lower extremities while at a trade show in the exhibit hall of the Reno/Sparks Convention Center (Doc. #1). Defendant Playcore leased a space at the trade show for sales and marketing efforts, which consisted in part of its playground surface coverings that were installed on top of the convention center concrete flooring (*Id.* at 5-6). While attempting to step off the matting, Plaintiff twisted her ankle and fell (Doc. #54 at 2). Plaintiff asserts Defendant Playcore negligently and dangerously installed the matting surface causing her to trip and fall injuring her knees and lower extremities (Doc. #1 at 6). Apparently, the matting surface was two-and-one-half inches high and included ramp tiles at a 25% grade (Doc. #54 at 2). The matting and the ramp tiles were the same color green/verde (*Id.*).

In her complaint, Plaintiff asserts a cause of action for negligence against Defendant Playcore (Doc. #1). Defendant Playcore then filed a third-party complaint against Defendant EMC seeking contribution, equitable indemnity and express indemnity (Doc. #52 at 2). Plaintiff requests the following relief: 1) medical expenses and lost wages; 2) general and compensatory damages; and 3) costs of suit (Doc. #1 at 6).

## II. STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is

not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

### III. DISCUSSION

Defendants move for summary judgment on Plaintiff's negligence claim against it asserting Plaintiff's knowledge of the alleged dangerous condition precludes her recovery as a matter of law and her recovery is barred because the condition was open and obvious (Doc. #52). Specifically, Defendants assert Plaintiff "negotiated" the alleged dangerous condition,

1 thereby evidencing her actual or constructive knowledge of said condition and, under Nevada
2 law, a known danger does not create liability to a possessor of land unless the possessor
3 should have anticipated the harm. Defendants further assert Plaintiff presented no evidence
4 that Defendant Playcore could have anticipated that any harm would occur (Doc. #52 at 5-7).
5 In addition, Defendants assert "the obvious danger rule" obviates a duty to warn and Plaintiff
6 had already stepped over the allegedly dangerous condition when she stepped onto the mat
7 to sit down; therefore, she knew of or should have known of the condition when she stepped
8 back off the matting (*Id.* at 7-8). Thus, Defendants contend the alleged dangerous condition
9 was open and obvious, precluding Plaintiff's negligence claim (*Id.*).

10 Plaintiff opposes Defendants' motion asserting disputed material facts of negligence
11 and comparative negligence under NRS 41.141 remain for trial (Doc. #54). Specifically,
12 Plaintiff argues the dangerous condition was not an open and obvious danger because the
13 color of the matting and the color of the ramp tiles were the same, which presented an
14 unreasonable risk to Plaintiff (*Id.* at 4-5). Plaintiff further argues that, if the Uniform
15 Building Code (UBC) applies to the facts of this case, Plaintiff would be entitled to a
16 negligence per se instruction because the slope exceeded the UBC's limits and, if the UBC
17 does not apply, the jury would still be allowed to consider the fact that the edging was too
18 steep under UBC guidelines (*Id.* at 5). Finally, Plaintiff argues her consulting engineer, Mr.
19 Wong, opined that the condition posed an unreasonable danger to her (*Id.* at 6).

20 Defendants respond that the "obvious danger" doctrine serves as a complete bar to a
21 claim of negligence and is appropriately decided as a question of law (Doc. #55 at 3-4).
22 Defendants further respond that the UBC is inapplicable to Plaintiff's claim and even
23 Plaintiff's own expert, Mr. Wong, concedes this fact; thus, the UBC cannot be used to define
24 the standard of care in a negligence action (*Id.* at 6-7). In short, Defendants contend Plaintiff
25 failed to pay attention to where she was going when she stepped off the playground covering,
26 which she had just stepped onto minutes before; and Plaintiff is charged with knowledge of
27 the "static condition", rendering Defendants not liable in negligence for Plaintiff's injuries.
28

4

Defendants note that Plaintiff's expert is not qualified under FED. R. EVID. 702 to opine about the alleged "environmental factors" that allegedly transformed this product from a product apparently safe for small children into a product treacherous when utilized by an adult woman such as Plaintiff (Doc. #55 at 5, n. 2).

The crux of Defendants' motion is that they are not liable because the condition that caused Plaintiff's injuries was open and obvious and Plaintiff was aware of said condition.

### NEGLIGENCE AND THE OBVIOUS DANGER RULE

A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages. *Turner v. Mandalay Sports Entertainment, LLC*, 180 P.3d 1172, 1175 (Nev. 2008); *Jordan v. State Dep't of Motor Vehicles*, 121 Nev. 44, 74, 110 P.3d 30, 51 (2005). In negligence actions, courts are generally reluctant to grant summary judgment. *Van Cleave v. Kietz-Mill Minit Mart*, 97 Nev. 414, 633 P.2d 1220 (1991). However, when a plaintiff cannot recover as a matter of law, defendant is entitled to summary judgment. *Id*. To establish entitlement to judgment as a matter of law, Defendant need only negate one element of Plaintiff's case (*i.e.*, duty, breach, causation, or damages). *Perez v. Las Vegas Medical Center*, 107 Nev. 1, 4, 805 P.2d 589, 590-591 (1991).

Nevada is a comparative negligence state. NRS 41.141(1) provides that comparative negligence of the plaintiff does not bar recovery if that negligence was not greater than the negligence of the defendant. NEV. R. STAT. § 41.141(1). However, a defendant is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care, *Gunlock v. New Frontier Hotel Corp.*, 78 Nev. 182, 185, 370 P.2d 782 (1962), as "the obvious danger rule survives the adoption of comparative negligence statutes. *Harrington v. Syufy Enterprises*, 113 Nev. 246, 250, 931 P.2d 1378, 1381 (1997). "The mere fact that there was an accident or other event and someone was injured is not of itself sufficient to predicate liability. Negligence is never presumed but must be established by substantial evidence." *Gunlock*, 78 Nev. at 185, 370 P.2d at 782.

Defendants argue Plaintiff's negligence claim is precluded as a matter of law because Plaintiff knew of the condition (Doc. #52 at 5). In other words, Defendants assert that they are not liable for Plaintiff's injuries resulting from the alleged danger because the condition was obvious or should have been observed by Plaintiff in the exercise of reasonable care (*Id.* (citing *Gunlock*, 78 Nev. at 185, 370 P.2d at 782)). Thus, Defendants' contend that "[i]t is well-established that under Nevada law, the obvious danger doctrine serves as a *complete bar to a claim of negligence*." Doc. #55 at 4 (emphasis added)). Defendants' contention lacks merit.

The Nevada Supreme Court, in *Harrington v. Syufy Enterprises*, which Defendants cite to support their "complete bar" contention, qualified its statement in *Gunlock* – that "[r]ecovery is barred when the danger is obvious, not because the negligence of the plaintiff is greater than that of the defendant, but because the defendant is not negligent at all" – by expressly "*emphasiz[ing] that the obvious danger rule only obviates a duty to warn. It is inapplicable where liability is predicated upon acts other than a failure to provide adequate warning of a dangerous condition.*" 113 Nev. 246, 250, 931 P.2d 1378, 1381 (1997)(emphasis added). Thus, the Nevada Supreme Court concluded that "even where a danger is obvious, a defendant may be negligent in having created the peril or in subjecting the plaintiff to the peril." *Id.* In fact, Nevada has long held that an invitee's knowledge of a danger does not inevitably bar recovery. *Rogers v. Tore, Ltd.*, 85 Nev. 548, 550, 459 P.2d 214, 215 (1969).

Here, Plaintiff alleges there are material questions of fact as to whether the dangerous condition was obvious, and even if the condition was obvious, there are material questions of fact as to whether Defendants are liable in creating the peril. To support her allegations, Plaintiff asserts, and Defendants do not dispute, that the color of the ramp tiles and the rest of the EMC/Playcore surface matting where the same color green/verde (Doc. #54 at 5). Plaintiff further alleges the surface matting was two-and-one-half inches high from the convention center's concrete floor and the ramp tiles were at a steep 25% grade (*Id.* at 2). And, although Defendants may not have been required to comply with the UBC in using the

6

surface matting under the display at the convention center, Plaintiff's expert, nevertheless, does indicate that the "surface edge was not intended to be used as a stepping surface since the 'ramp' width in the direction of the slope is less than the shoe size of adults." (Doc. 54-3 at 4). Thus, Plaintiff's expert concluded that the surface edging did, in fact, present an unreasonable risk of harm to patrons (*Id.*).

Under these facts, even though Plaintiff may have "negotiated" the surface matting by stepping onto the mat, sitting down, and standing up again to step back off the mat, the court cannot say that no reasonable juror could conclude that the surface matting was not an "obvious danger." If the surface matting and the ramp tiles were the same color, such that the steepness of the ramp was essentially camouflaged, the fact that the Plaintiff may have stepped onto the surface mat without incident does not necessarily mean that the Plaintiff knew of the steepness of the ramp tiles when she "negotiated" the ramp. Plaintiff may very well have unknowingly stepped over the ramp tiles at a particular angle that would not cause incident and would not impute Plaintiff with knowledge of the steepness of the ramp tiles. Furthermore, even if Plaintiff knew of the steepness of the ramp tiles when she negotiated the ramp, Nevada law indicates Defendants may still be liable, nonetheless, if they were negligent in creating the peril or in subjecting Plaintiff to the peril. Accordingly, under these facts, the obviousness of the danger posed by the surface matting and the ramp tiles cannot properly be decided as a matter of law; thus, summary judgment on Plaintiff's negligence claim is inappropriate.

Because there are genuine issues of material fact as to whether the condition at issue was, in fact, "obvious", the court need not reach the issues of whether Defendants were required to provide "safe or adequate cautions or warnings" or whether Defendants should have anticipated the harm despite its obviousness (Doc. #52 at 6-7).

///
///
///

7

## IV. CONCLUSION

Defendants' Joint Motion for Summary Judgment of Defendant Playcore Wisconsin, Inc., and Third-Party Defendant Environmental Molding Concepts, LLC (Doc. #55) is **DENIED**.

DATED: August 22, 2008.

_____
UNITED STATES MAGISTRATE JUDGE